IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FELIX LYLE COWAN, | § | |
| #02351646, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:24-CV-972-S-BK |
| | § | |
| JOE BIDEN, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff Felix Lyle Cowan, a state inmate, filed this *pro se* civil rights complaint against United States President Joe Biden and Texas Governor Greg Abbott. Doc. 2. He also filed a pleadings titled *Motion for the Representation of JAG*, *In-Forma-Pauperis Data*, and *Reasons Beyond a Doubt*, in which he purports to challenge his underlying conviction. Doc. 3; Doc. 4; Doc. 5. Upon review of the relevant pleadings and applicable law, the complaint should be **DISMISSED** as barred by three strikes, and to the extent he petitions for writ of habeas corpus relief, such petition should be **DISMISSED** as a successive.

I. ANALYSIS

A. Three-Strike Bar

The "three-strike" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more

prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *see also Brown v. Megg*, 857 F.3d 287, 290-91 (5th Cir. 2017) ("[S]ection 1915(g) comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" (quoted case omitted)).

This Court previously found Cowan was barred by three strikes under § 1915(g). *See Cowan v. Eli Lilly*, No. 3:23-CV-417-K-BK, 2023 WL 2529932, at *1 (N.D. Tex. Feb. 28, 2023), *rec. adopted*, No. 3:23-CV-417-K-BK, 2023 WL 2531499 (N.D. Tex. Mar. 15, 2023) (dismissing case as barred by three strikes and collecting prior three-strike dismissals and connecting the dismissals to Cowan's current and prior TDCJ numbers).

Having accumulated three strikes, § 1915(g) precludes Cowan from proceeding *in forma pauperis* unless he alleges that he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). Cowan has not satisfied that requisite.

As in his prior cases, Cowan's allegations are fantastic and delusional. He contends that Defendants were notified of his "M.I.A./P.O.W./A.W.O.L. status (57) years as a Buffalo soldier" and that he is entitled to his "full pay $ for current and prior service [and] VA home and medical, dental and soldiers field." Doc. 2 at 4. Even liberally construed, however, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury. Cowan is thus barred from proceeding *in forma pauperis* under § 1915(g).

B. Successive Petition

In the pleading titled *Reasons Beyond a Doubt*, Cowan alleges that he is "illegally confined without due process of jurisprudence [and] military court-martial" and that he is

entitled to an "immunity defense." Doc. 5 at 2. To the extent Cowan challenges his underlying conviction, his pleading, construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, should be severed from this action and dismissed without prejudice as a successive petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))); 28 U.S.C. § 2244(b) (limiting the circumstances under which a petitioner may file a second or successive application for federal habeas relief).

In 2023, Cowan challenged his holding conviction for assault on a security officer in Case No. 1645508D in the Criminal District Court No. 1 of Tarrant County, Texas.[1] *See Cowan v. Lumpkin*, No. 4:23-CV-312-Y (N.D. Tex. Aug. 30, 2023) (dismissing habeas corpus petition under 28 U.S.C. § 2254 as time barred). And he has not obtained prior authorization to file a successive application from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A) and (B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals has first granted the petitioner permission to file such a petition. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

## II. CONCLUSION

Accordingly, Cowan's complaint should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to refiling an *in forma*

---

[1] Cowan's *Inmate Information Details* are available on the TDCJ website at this link https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03832603 (last accessed on May 9, 2024).

*pauperis* lawsuit raising the same claims as presented, but without prejudice to this lawsuit being filed with full payment of filing and administrative fees of $405.00.

Further, Cowan's pleading titled *Reasons Beyond a Doubt*, construed here as a petition for writ of habeas corpus, should be **SEVERED** from this action and **DISMISSED WITHOUT PREJUDICE** as a successive petition because he has not obtained authorization to file a successive habeas petition from the Court of Appeals for the Fifth Circuit. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on May 21, 2024.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).