IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| FELIX LYLE COWAN, § | |
| #02351646, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:24-CV-972-S-BK |
| § | |
| JOE BIDEN, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Plaintiff paid the filing fee. Upon review of the relevant pleadings and applicable law, Plaintiff's civil rights complaint should be **DISMISSED WITH PREJUDICE** as frivolous, and his construed petition for writ of habeas corpus should be severed from this action and **DISMISSED WITHOUT PREJUDICE** as a successive petition.

**I. BACKGROUND**

On April 19, 2024, Felix Lyle Cowan, a state prisoner, filed this civil action, which appears to assert civil rights violations, against United States President Joe Biden and Texas Governor Greg Abbott. The complaint is largely rambling, incoherent, and nonsensical. *See* Doc. 2 at 3-4. Cowan appears to assert grievances relating to his service in the U.S. Marine Corps and his VA benefits. By way of example, he contends that Defendants were notified of his "M.I.A./P.O.W./A.W.O.L. status (57) years as a Buffalo soldier," and that he is entitled to

"full pay $ for current and prior service [and] VA home and medical, dental and soldiers field." Doc. 2 at 4. Cowan also filed pleadings titled *Motion for the Representation of JAG* and *Reasons Beyond a Doubt*, in which he purports to challenge his underlying conviction. Doc. 3; Doc. 5.

## II. ANALYSIS

### A. Civil Rights Complaint

Although Cowan paid the applicable filing fee, his complaint still faces preliminary screening under 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998). That statute provides for the *sua sponte* dismissal of a complaint against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*, if the Court finds that it is frivolous or malicious. 28 U.S.C. § 1915A(b). A complaint is frivolous when it is based on an indisputable meritless legal theory or when the factual contentions are "clearly 'baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33.

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, Cowan has failed to state a viable legal claim or anything that can be construed as such. Moreover, as illustrated here, his factual contentions appear irrational and incredible and, thus, inadequate to support any cognizable claim. *See Denton*, 504 U.S. at 33.

Consequently, Cowan's original complaint should be dismissed with prejudice as factually and legally frivolous.

### B. Construed Habeas Petition

In the pleading titled *Reasons Beyond a Doubt*, Cowan alleges that he is "illegally confined without due process of jurisprudence [and] military court-martial" and that he is entitled to an "immunity defense." Doc. 5 at 2. Cowan appears to challenge his underlying state conviction for assault on a security officer in case number 1645508D, Criminal District Court Number 1 of Tarrant County, Texas. Thus, his pleading is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))); 28 U.S.C. § 2244(b) (limiting the circumstances under which a petitioner may file a second or successive application for federal habeas relief).

However, Cowan previously challenged the same state conviction in this Court.[1] *See Cowan v. Lumpkin*, No. 4:23-CV-312-Y (N.D. Tex. Aug. 30, 2023) (dismissing habeas corpus petition under 28 U.S.C. § 2254 as time barred). Further, Cowan has not obtained the requisite prior authorization to file a successive application from the United States Court of Appeals for the Fifth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas petition unless the court of appeals has first granted the petitioner permission to file such a petition. *See United States v.*

---

[1] Cowan's *Inmate Information Details* are available on the TDCJ website at this link https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03832603 (last accessed on May 9, 2024).

*Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (§ 2255 motion); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (§ 2254 habeas petition).

Therefore, Cowan's construed habeas petition should be severed from this action and dismissed without prejudice as a successive petition.

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint before dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed here, Cowan has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred. Based on the most deferential review of his complaint, it is unlikely that, given the opportunity, Cowan could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

In sum, Cowan's civil rights complaint should be **DISMISSED WITH PREJUDICE** as frivolous. Further, Cowan's construed petition for writ of habeas corpus (*Reasons Beyond a Doubt*) should be **SEVERED** from this action and **DISMISSED WITHOUT PREJUDICE** as a successive petition. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on June 4, 2024.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).